**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO ALBERTO RIVAS-LEMUS, | No.    21-70164 |
| Petitioner, | Agency No. A072-442-767 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Pedro Alberto Rivas-Lemus, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

Substantial evidence supports the agency's determination that Rivas-Lemus failed to establish he was or would be persecuted on account of his political opinion.  *See INS v. Elias-Zacarias,* 502 U.S. 478, 481-82 (1992) (petitioner's resistance to recruitment, without more, did not establish guerrillas imputed a political opinion to him); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to political opinion, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion").

To the extent Rivas-Lemus raises a particular social group claim in his opening brief, we do not address it because the agency did not deny relief on this ground, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (we consider only the grounds relied upon by the agency), and Rivas-Lemus does not contend the agency erred in this regard, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).  Thus, Rivas-Lemus's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Rivas-Lemus failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Rivas-Lemus's claims that the agency violated his right to due process, ignored evidence, applied incorrect legal standards, or otherwise erred in its analysis fail because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Rivas-Lemus's claim that the agency erred by failing to make a credibility determination fails. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1681 (2021) (the BIA "appl[ies] a presumption of credibility if the IJ did not make an explicit adverse credibility determination.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**